No. 30,202.

THE STATE OF KANSAS, *Appellee*, v. J. G. HELBERT, *Appellant*.

(12 P. 2d 726.)

Opinion filed July 9, 1932.

*Charles B. Hudson*, of Wichita, for the appellant.

*Roland Boynton*, attorney-general, *Everett E. Steerman*, assistant attorney-general, *George L. Adams*, county attorney, and *Arthur S. Brewster*, of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant was convicted of violating the law relating to gambling, and appeals.

The information contained five counts. Defendant was convicted on the first and fifth counts, and contends his motion to quash those counts should have been sustained.

The first count charged that defendant permitted others to set up a described gambling device, designed and devised for described gambling purposes on described premises occupied by and under control of defendant and others. It is said the count did not charge defendant with setting up the prohibited device, which is true. Setting up a prohibited device is one of the offenses denounced by R. S. 21-915. The count was framed under R. S. 21-916.

It is said there was no allegation there was a setter-up or keeper of the game. It was alleged defendant allowed others, whose names were unknown to the pleader, to set up the device, which was all that was required. In this connection defendant refers to the decision in the case of *State v. Brown*, 118 Kan. 603, 236 Pac. 663. In that case the information was drawn under R. S. 21-916, and it was said good pleading required the setter-up should be named. That was not done, but the court held the defect was not fatal. In this

case it was alleged the name could not be furnished, which met the strict requirement of good pleading.

It is said there was no allegation that players played for money or chips. The statute required no such allegation.

The fifth count was drawn under a provision of R. S. 21-915. It charged defendant with keeping a described place to which others were permitted to resort for the purpose of gambling. The objection to the count is that it did not charge the players played for money or chips, and did not describe the gambling device. It was not necessary to do either.

Before trial defendant took the deposition of a witness. The witness was present at the trial and testified. When cross-examined by the state with respect to pertinent and material matters, defendant, for the witness, invoked the witness' privilege, and the witness was excused from testifying on the ground his testimony would incriminate him. The court then permitted the deposition to be read. Whether the court's ruling on the question of privilege was right or wrong it made the witness unavailable to the same extent as if he were out of the state, and this court has so held. (*State v. Stewart*, 85 Kan. 404, 116 Pac. 489.)

Defendant contends his motion for new trial should have been granted because the verdict was against the evidence. It is not necessary to review the evidence. It was amply sufficient to sustain the verdict of guilty on both counts.

There is no merit in the appeal, and the judgment of the district court is affirmed.